IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| DAVID NÚÑEZ-PÉREZ<br><br>Petitioner<br><br>v.<br><br>FRANCISCO A. QUIÑONES RIVERA,<br>*et al.*<br><br>Respondents | **Civil No**. 19-1555 (WGY)<br><br>**Petition for Habeas Corpus** |

**RESPONSE IN OPPOSITION TO PETITIONER'S MOTION REQUESTING ORDER DIRECTING THE COURT OF FIRST INSTANCE TO STRIKE INVALIDATED JUDGMENT AND REFERENCE THERETO**

**TO THE HONORABLE COURT:**

**COMES NOW** the Department of Justice of the Commonwealth of Puerto Rico, through the undersigned attorney, on behalf of Respondents, **Francisco A. Quiñones Rivera**[1] **and Héctor Hernández-Morales**, and very respectfully states, avers, and prays as follows:

### I.    INTRODUCTION AND PROCEDURAL BACKGROUND

On July 31, 2025, Petitioner David Núñez-Pérez (hereinafter "Núñez-Pérez" or "Petitioner") filed a *Motion Requesting Order Directing the Court of First Instance to Strike Invalidated Judgment and References Thereto* (hereinafter "Motion to Strike"). (Docket No. 108). In his Motion, Petitioner asks this Court to: (1) lift the stay imposed on the habeas relief previously granted pending the Commonwealth's appeal to the First Circuit, absent a petition for certiorari

---

[1] In January 2025, Ms. Ana I. Escobar Pabón, former Secretary of Corrections and Rehabilitation, was automatically substituted by the newly appointed Secretary of Corrections and Rehabilitation, Mr. Francisco A. Quiñones Rivera, pursuant to Fed.R.Civ.P. 25(d).

1

before the Supreme Court (Docket No. 108 at 1); (2) direct the Mayagüez Superior Court to vacate the judgment it issued on January 22, 2004, on the ground that it violates the Double Jeopardy Clause (Id. at 1-2); (3) vacate two additional judgments—in Case Nos. I LA2002G0190 and I LA2002G0187—that expressly reference the invalid convictions and order that they be re-issued without those references (Id. at 2); and (4) order Respondents to docket proof of corrective action within two weeks of this Court's order (Id.).

Respondents oppose Petitioner's Motion to Strike, in which he seeks extraordinary relief: an order directing a Commonwealth court to vacate its judgments, to vacate and reissue two additional judgments in separate cases, and to compel Respondents to docket proof of corrective action. Petitioner's request must be denied because he seeks relief that a federal habeas court is not empowered to grant.

Fundamental principles of federalism and comity bar a federal court from issuing orders directly to a Commonwealth court directing it to strike or amend its judgment. Federal habeas relief runs against the custodian—the state official detaining the prisoner—not against the state court itself. Braden v. 30th Jud. Cir. Ct. of Kentucky, 410 U.S. 484, 494–95 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody.") (citing Wales v. Whitney, 114 U.S. 564, 574 (1885). The Supreme Court has consistently explained that habeas corpus is "an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973); see also, Ex parte Endo, 323 U.S. 283, 306 (1944) (the writ "'is directed to, and served upon, not the person confined, but his jailer… The whole force of the writ is spent upon the respondent.'") (citations omitted).

Although partially overruled on other grounds Fay v. Noia, 372 U.S. 391, 424 (1963) underscores the same principle: the habeas writ operates on the custodian, not the state court judgment itself. Thus, when federal habeas relief is granted, the federal court's judgment typically vacates the conviction or sentence or issues a conditional writ (release unless retried within a specified period). The federal habeas courts' enforcement mechanisms rest in commanding the custodian, not in rewriting or reissuing state-court records.

Petitioner's Motion to Strike improperly seeks to use federal habeas as a vehicle to compel a Commonwealth court to alter its judgments, inconsistent within the limited scope of the habeas jurisdiction. For these reasons, the Motion to Strike should be denied.

## II.     ANALYSIS

**A federal habeas court operates against the custodian, not a state court judgment, therefore, this Court cannot order the Mayagüez Superior Court to vacate its judgments and vacate and reissue two additional judgments.**

In the Motion to Strike (Docket No. 108), Petitioner seeks, among other things, for this Court to direct the Mayagüez Superior Court to vacate its January 22, 2004, judgments. Petitioner argues that these judgments violate the Double Jeopardy Clause. (Id. at 1-2). Petitioner further seeks an order vacating two additional judgments—in Case Nos. I LA2002G0190 and I LA2002G0187—"that expressly reference the double-jeopardy-violating convictions and order that they be re-issued *without any reference to the stricken terms.*" (Id. at 2) (italics in original). Finally, Petitioner requests that respondents be ordered to docket proof of corrective action within two weeks of the issuance of an order of this Court. (Id.).

The relief available under 28 U.S.C. § 2254 is limited in scope. A federal habeas relief is directed exclusively at the legality of a petitioner's custody, not at appellate review or revision of state-court judgments. Fay, 372 U.S. at 430-431 ("The jurisdictional prerequisite is not the

judgment of a state court but detention simpliciter. […] it has no other power; it cannot revise the state court judgment; it can act only on the body of the petitioner.") (citing In re Medley, 134 U.S. 160, 173 (1890) ("under the writ of *habeas corpus* we cannot do anything else than discharge the prisoner from the wrongful confinement"). Consistent with that principle, habeas jurisdiction attaches to custody itself, not to the underlying judgment. Fay, supra. The Supreme Court has likewise emphasized that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and … the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484.

Accordingly, the writ operates against the custodian for "the writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him." Braden, 410 U.S. at 494-495 (1973). "The difference between the power to enjoin an individual from doing certain things, and the power to enjoin courts from proceeding in their own way to exercise jurisdiction, is plain, and no power to do the latter exists because of a power to do the former." Ex parte Young, 209 U.S. 123, 163, & 167-168 (1908) (federal habeas relief runs against the custodian (the state official detaining the prisoner), not against the state itself.). If the state fails to act, the federal court enforces its judgment through orders directed at the state officials (i.e. warden), not the state court.

This structural limitation forecloses the notion that a federal habeas court can order a state court to strike, vacate, or otherwise alter its docket. The First Circuit has adhered to this understanding by consistently limiting habeas relief to orders directed at custodians, not state courts. For example, in Hernández-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021), the court reviewed a habeas petition challenging immigration detention. Although relief was granted, the court framed the remedy in terms of the petitioner's custody, not by altering any prior adjudication. Likewise, when applying venue and respondent rules, the First Circuit has relied on Braden's immediate-

custodian principle, underscoring that habeas jurisdiction attaches to the official who holds the petitioner, not the tribunal that issued the judgment. See, e.g., Vásquez v. Reno, 233 F.3d 688, 690–91 (1st Cir. 2000) (applying Braden to determine that "[t]he warden is the proper custodian because he has day-to-day control over the petitioner". Vásquez, 233 F.3d at 691 (citing Blango v. Thornburgh, 942 F.2d 1487, 1492 n. 10; (10th Cir. 1991) and Guerra v. Meese, 786 F.2d 414, 416 (D.C. Cir. 1986)).

Thus, even when habeas relief is granted on grounds such as double jeopardy, the remedy is release or prohibition of retrial—not a federal directive requiring the state court to strike its judgment or alter its docket. That follow-on responsibility belongs to the state court system itself.

### III.  CONCLUSION

Because federal habeas enforces custody-related rights against the custodian—not appellate revision of state-court judgments or dockets— Petitioner's Motion to Strike requesting for this Court to direct the Mayagüez Superior Court to vacate its January 22, 2004 judgments; vacate and reissue two additional judgments—in Case Nos. I LA2002G0190 and I LA2002G0187—;and order Respondents to docket proof of corrective action should be denied.

**WHEREFORE,** Respondents respectfully request the Court to deny Petitioner's Motion to Strike at Docket No. 108.

**WE HEREBY CERTIFY** that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of this filing to all counsel of record.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico this 27th day of August 2025.

| | |
|---|---|
| **LOURDES L. GÓMEZ TORRES**<br>Secretary of Justice<br><br>**TANIA L. FERNÁNDEZ MEDERO**<br>Deputy Secretary for Civil Litigation<br><br>**SUSANA I. PEÑAGARÍCANO-BROWN**<br>Director, Federal Litigation and Bankruptcy Division | *s/ Diana I. Pérez Carlo*<br>**DIANA I. PÉREZ CARLO**<br>USDC No. 307313<br>Department of Justice of Puerto Rico<br>Federal Litigation Division<br>PO Box 9020192<br>San Juan Puerto Rico, 00902-0192<br>Tel. (787) 721-2900, ext. 1419<br>Email: diana.perez@justicia.pr.gov |